# EXHIBIT B
## (Docket Entry No. 2)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ██████████ AND ████████████, WHICH ARE STORED AT PREMISES CONTROLLED BY GOOGLE** | Misc. No. _____ <br><br> **Filed Under Seal** |

## MOTION TO SEAL WARRANT AND RELATED DOCUMENTS AND TO REQUIRE NON-DISCLOSURE UNDER 18 U.S.C. § 2705(b)

The United States of America, moving by and through its undersigned counsel, respectfully moves the Court for an Order placing the above-captioned warrant and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively herein the "Warrant") under seal, and precluding the provider from notifying any person of the Warrant pursuant to 18 U.S.C. § 2705(b). In regard to the non-disclosure, the proposed Order would direct Google, Inc., an electronic communication service provider and/or a remote computing service located in Menlo Park, CA, not to notify any other person (except attorneys for Google for the purpose of receiving legal advice) of the existence or content of the Warrant until further order of the Court.

## LEGAL BACKGROUND

### I. Sealing

1. The Court has the inherent power to seal court filings when appropriate, including the Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Warrant to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the

confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

## II.   Non-Disclosure

2.      The Court also has the authority to require non-disclosure of the Warrant pursuant to Title 18, United States Code, Section 2705(b). Google functions as an "electronic communication service" and/or a "remote computing service," as those terms are used in the Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712. *See* 18 U.S.C. §§ 2711(1)-(2), 2510(15). The SCA expressly authorizes the government to compel an electronic communication service or a remote computing service to provide the contents of electronically stored wire or electronic communications as well as records or other information about a subscriber or customer of such service by means of a properly issued search warrant. *See* 18 U.S.C. § 2703(a)-(c). The government is not required to notify the customer or subscriber of the warrant or information obtained pursuant to the warrant. 18 U.S.C. § 2703(a), (b)(1), (c)(3).

3.      The SCA authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the warrant directed to it. Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>
> (1)      endangering the life or physical safety of an individual;
> (2)      flight from prosecution;
> (3)      destruction of or tampering with evidence;
> (4)      intimidation of potential witnesses; or

2

(5)     otherwise seriously jeopardizing an investigation or unduly delaying a trial.

4.     Accordingly, this application sets forth facts showing that reasonable grounds exist to seal the Warrant until further order of the Court and to command Google not to notify any other person (except attorneys for Google for the purpose of receiving legal advice) of the existence of the Warrant until further order of the Court.

### FACTS SUPPORTING SEALING AND NON-DISCLOSURE

5.     Execution of the Warrant is part of an ongoing criminal investigation into possible offenses, namely Conspiracy to Defraud the United State, Providing Material False Statements, and  , in violation of, *inter alia*, 18 U.S.C. § 371, 18 U.S.C. § 203, and 18 U.S.C. § 1001.  The subject of the investigation, a current Department of Justice attorney, agreed to accept, and did in fact accept, compensation for services related to the federal criminal investigations identified in the contract. Furthermore, during an interview with DOJ OIG and the FBI, the Target made material false statements.

### REQUEST FOR SEALING AND NON-DISCLOSURE

6.     In this matter, the government requests that the Warrant be sealed until further order of the Court and that Google and its employees be directed not to notify any other person of the existence or content of the Warrant (except attorneys for Google for the purpose of receiving legal advice) until further order of the Court.  Such an order is appropriate because the Warrant relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. There is, therefore, reason to believe that notification of the existence of the Warrant will seriously jeopardize the investigation, including by giving the targets an opportunity to endanger a person; flee from prosecution; destroy or tamper with evidence; intimidate witnesses. *See* 18

U.S.C. § 2705(b)(5) Because of such potential jeopardy to the investigation, there also exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

7.      Based on prior dealings with Google, the United States is aware that, absent a court order under section 2705(b) commanding Google to delay notice to its subscriber or customer, it is Google's policy and practice, upon receipt of a warrant seeking the contents of electronically stored wire or electronic communications for a certain account, to notify the subscriber or customer of the existence of the warrant prior to producing the material sought.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the above-captioned warrant, the application and affidavit in support thereof, and all attachments thereto and other related materials be placed under seal, and furthermore, that the Court command Google not to notify any other person of the existence or contents of the above-captioned warrant (except attorneys for Google for the purpose of receiving legal advice) for a period of one year or until further order of the Court.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793

By:      _____/s/_____
ZIA FARUQUI
Assistant United States Attorney
DC Bar No. 494990
Asset Forfeiture and Money Laundering Section
555 4th Street, N.W. 4th Floor
Washington, DC 20530
202-252-7117
zia.faruqui@usdoj.gov

4